UNITED STATES DISTRICT COURT
STATE OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| John D. Darien,                                )<br>                                                      )<br>              Plaintiff,                         )<br>                                                      )<br>        Vs.                                         )<br>                                                      )<br>Allendale Police Department John R.  )<br>Sullivan, Individually and as Chief of  )<br>Allendale Police Department,            )<br>                                                      )<br>Allendale Police Department Ervin Ford, Jr.,)<br>Individually and as an Officer of the  )<br>Allendale Police Department,            )<br>                                                      )<br>Town of Allendale, South Carolina,    )<br>Allendale County, a Municipality of the )<br>the State of South Carolina,              )<br>                                                      )<br>John Doe and Richard Roe, an Unknown )<br>Number of Unidentified Officers and   )<br>Employees of the Allendale Police       )<br>Police Department, Individually and as )<br>As Employees of the Allendale Police  )<br>Department,                                       )<br>                                                      )<br>              Defendants.                     )<br>_____)  | C/A No.:  1:19-1044-MGL-PJG<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

Plaintiff complaining of the above-named Defendants would respectfully show unto this Honorable Court:

**<u>JURISDICTION</u>**

1.     This action arises under the Fourth Amendment and, if applicable, the Fourteenth Amendment to the Constitution of the United States of America, 42 USC § 1983, and the Laws and Constitution of the State of South Carolina.

1

2.	Subject matter is conferred upon this Court by 28 USC § 1331 and § 1343. Plaintiff invokes the pendant jurisdiction of this Court over all state causes of action.

## PARTIES

3.	Plaintiff is a citizen of the United States of America and a resident of the County of Allendale, State of South Carolina.

4.	Plaintiff is informed and believes that the Defendants are either entities and/or citizens of the United States of America and the State of South Carolina. Plaintiff is informed and believes that the entities are located and perform their duties in the Town of Allendale, County of Allendale, South Carolina. Plaintiff is without sufficient knowledge to know whether all of the non-entities Defendants reside in Allendale County.

5.	Defendants were all times herein relevant acting under the color and pretext their authority as police officers and/or employees of the Allendale Police Department. At all relevant times herein the aforesaid Defendants were acting in their individual as their official capacity.

## FACTUAL ALLEGATION(S)

6.	That on or about April 9, 2016, Officer Dustin Creel of the Town of Hardeeville Police Department arrested Plaintiff for Driving Suspension within the town limits. Additionally, Officer Creel indicated to Plaintiff that there was an outstanding bench warrant from the Town of Allendale Police Department in reference to an Open Container ticket from 2012/ 2013. Subsequent to arrest, Plaintiff had an available bondsman for Driving Under Suspension charge. However, the outstanding bench warrant from the Town of Allendale Police Department prevented Plaintiff from exercising bail on the Driving Under Suspension charge. The Town of Hardeeville Municipal Court eventually dismissed the Driving Under Suspension charge on the Plaintiff on or before May 2, 2016 because of a discrepancy with the South Carolina Department

of Motor Vehicles (SCDMV). Plaintiff's mother paid outstanding bench warrant amount on April 11, 2016. Consequently, Jasper County Detention Center released Plaintiff on April 11, 2016.

7. That in 2012/2013, soon thereafter the issuance of the Open Container ticket, Plaintiff went to pay the fine associated with the Open Container ticket. At first, Plaintiff went to the Allendale County Magistrate Office to pay the ticket. They could not find the ticket. Subsequently, Plaintiff went to the Defendants to pay the ticket. Defendants could not find the ticket and, thus, Plaintiff went back to Allendale County Magistrate Office for further inquiry. Again, they could not locate the ticket. Plaintiff went back to Defendants with no avail. Defendants did not contact Plaintiff about the ticket from that point and Plaintiff became aware of the bench warrant when he was arrested on April 9, 2016. Additionally, this ticket was not reflected on the Public Index and/or reported to the SCDMV as to be placed on the driving record of Plaintiff.

**FOR A FIRST CAUSE OF ACTION**
**(Violation of Fourth and/or Fourteenth Amendment Rights)**
**42USC § 1983**
**(Malicious Prosecution, Abuse of Process, False Imprisonment)**

8. Plaintiff herein repeats and reiterates each and every allegation contained in the preceding paragraphs as if verbatim.

9. That Defendants did violate Plaintiff's rights under the the Fourth Amendment and, if applicable, the Fourteenth Amendment to the United States Constitution, by maliciously prosecuting and continuing the proceedings against Plaintiff after attempts by Plaintiff to pay ticket in which the Defendants could not locate in 2012/2013 which eventually resulted into three (3) days of false imprisonment in the Jasper County Detention Center from April 9, 2016 to April 11, 2016 through the issuance of a bench warrant by the Defendants. Further, that

Defendants did have an ulterior purpose and committed a willful act in the use of process not proper in the regular conduct of the proceeding by procuring a bench warrant after the ticket could not be located by the Defendants and not sending the unpaid status of the ticket to the SCDMV. This act resulted in the SCDMV not being able to place the unpaid status of the ticket on the driving record of Plaintiff. This action would have alerted Plaintiff of the unpaid status of the ticket and give Plaintiff an opportunity to rectify the situation before the issuance of a bench warrant. Thus, the issuance of the bench warrant led to the violation of the Fourth and/or Fourteenth Amendments by Defendants and resulted into the false imprisonment of Plaintiff for three (3) days from April 9, 2016 to April 11, 2016. Finally, as indicated in the above-referenced portions of this Complaint, Defendants restrained Plaintiff through the issuance of the bench warrant, the restraint was intentional and it was unlawful.

10.     Plaintiff has suffered mental pain and suffering, fright, nervousness, indignity, humiliation, embarrassment, insults, injury to reputation and person, damages for discomfort or injury to Plaintiff's health, loss of time, deprivation of the society of family, reasonable attorney fees, specific financial loss, as in present or prospective employment.

**WHEREFORE,** Plaintiff prays for judgment against Defendants for his actual and/or compensatory damages, special and punitive damages, costs of this action, attorney 's fees, and further relief as this Court may deem just, proper and equitable.

Barnwell, SC
April 9, 2019

**THE LAW OFFICES** OF **JOSHUA KOGER, JR.**
s/Joshua Koger, Jr.
Joshua Koger, Jr., Esq. (#6431)
Attorney for Plaintiff
P.O. Box 393
33 Franklin Street
Barnwell, SC 29812
(803) 456-5056 (Phone);(803) 450-5058 (Facsimile)